**Fill in this information to identify your case:**

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF TEXAS

Debtor 1    Robert E. White
            First Name    Middle Name    Last Name

Debtor 2    Jeanette D. White
(filing spouse)    First Name    Middle Name    Last Name

Case Number:    16-90148

☐ Check if this modification is filed prior to filing of TRCC.

☐ Check if this modification is filed after TRCC filing but still within Benchmark Fee Period

☒ Check if this modification is filed after Benchmark Fee Period.

List the sections which have been changed by this modification:

2.2, 3.6, part 8

**TXEB Local Form 3015-d**

# MOTION TO MODIFY
# CONFIRMED CHAPTER 13 PLAN

........................................................................................................................................................................Adopted: Dec 2017

**TO THE HONORABLE JUDGE OF THIS COURT:**

1. This Motion to Modify Previously-Confirmed Chapter 13 Plan (the "Modification Motion") is filed by the:

    ☒ **Debtor;**[1]       ☐ **Chapter 13 Trustee;**

    ☐ **Unsecured Claimant:**

    for the purpose of modifying certain specified provisions of that Chapter 13 Plan which had previously been confirmed for the Debtor on **09/02/2016 [dkt #13]**. Except as modified herein, all provisions of the confirmed Chapter 13 Plan remain in full force and effect.

    If this Motion is filed by the Debtor, each Debtor:

    ☒ certifies that an amended Schedule I and Schedule J have been filed contemporaneously with this motion;

    ☐ declares, under penalty of perjury, that the information contained in Schedule I and Schedule J, as previously filed with the Court, remains true and correct.

    **28-DAY NEGATIVE NOTICE − LBR 3015(h):**

    **Your rights may be affected by the plan modifications sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you <u>must</u> file a written objection, explaining the factual and/or legal basis for opposing the relief.**

    **No hearing will be conducted on this Motion unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading *WITHIN TWENTY-EIGHT (28) DAYS FROM DATE OF SERVICE* shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order confirming this plan modification. If an objection is filed and served in a timely manner, the court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.**

Debtor  Robert E. White and Jeanette D. White                    Case number  16-90148

1 The use of the singular term "Debtor" in this Modification Motion includes both debtors when the case has been initiated by the filing of a joint petition by spouses.

2. This Modification Motion is required *[select all applicable]*:

   ☐ to reconcile the Plan with allowed claims pursuant to the TRCC;

   ☐ to increase the amount of payments required under the Plan;

   ☐ to reduce the amount of payments required under the Plan;

   ☐ to provide for an allowed claim omitted from treatment under the Plan;

   ☐ to extend the time for making payments required under the Plan;

   ☐ to reduce the time for making payments required under the Plan;

   ☑ to surrender collateral pursuant to § 3.6;

   ☐ to cease further plan disbursements to a particular claimant;

   ☐ to cure a delinquency in the plan payments caused by     ,

   ☑ to increase the amount of retained income tax refunds authorized under § 2.4;

   **Reason:**   ;Debtor needs to keep their 2017 Tax Refund to use for unexpected medical expenses

   ☐ to seek approval of an additional award of attorney's fees to the Debtor's attorney;

   ☐ Other:

   ☐ to add a nonstandard provision to Part 8 of the Plan *[check box below]*;

3. **Notice to Creditors**: Regarding insertion of new Nonstandard Provision into Debtor's Plan:

| **Nonstandard provisions as set forth in Part 8.** | ☐ Included | ☐ Not Included |
|---|---|---|

4. The specific modifications to the Debtor's Plan are as follows**:**

   ☑ **§ 2.2** of the Plan regarding regular plan payments [2] is **MODIFIED** in the following respects:

   Beginning on the 30th day after the Petition Date [3] unless the Court orders otherwise, the Debtor will make regular payments to the Trustee in variable amounts throughout the applicable commitment period and for such additional time as may be necessary to make the payments to claimants specified in Parts 3 through 5 of this Plan (the "Plan Term"). The payment schedule shall consist of:

   ☐ **Constant Payments**: The Debtor will pay $_____ per month for _____ months.

   ☑ **Variable Payments**  The Debtor will pay make variable plan payments throughout the Plan Term. The proposed schedule for such variable payments are set forth in **Exhibit A** to this Order and are incorporated herein for all purposes.

   If plan payment amounts are increasing, the Debtor certifies that, with regard to **§ 2.3** of the Plan,

Debtor  Robert E. White and Jeanette D. White    Case number  16-90148

- ☐ a Motion for an Amended Wage Withholding Order for the increased payment amount has been filed;
- ☒ an increase of the amount to be transferred to the Trustee by electronic means has been authorized.

---

[2] Any reference to § 2.2 of the Plan herein includes any payments designated and confirmed under ¶ 2 of the 2006 version of TXEB Local Form 3015-a.

[3] The use of the term "Petition Date" in this Plan refers to the date that the Debtor filed the voluntary petition in this case.

☒ **None.**  No additional Cure Claims designated for treatment under **§ 3.2** of the Plan [4]

☐ **No Remaining Claims.**  All claims previously listed as a Cure Claim in **§ 3.2** of the Plan have been reclassified.

☐ **Revised/Additional Cure Claims.  § 3.2** of the Plan regarding the treatment of Cure Claims is **MODIFIED** in the following respects; provided, however, that to the extent that any Cure Claim added hereto is composed of a post-petition mortgage arrearage, the payment of any such arrearage shall be deferred until such time as the Claimant files an amended proof of claim to quantify the amount of the post-petition arrearage and, in any event, unless the Court specifically orders otherwise, such payment shall be subordinated to the existing payment rights of junior classes under the Debtor's previously-confirmed Chapter 13 Plan:

| Claimant | Collateral/Property Description | Debtor's DPO Amount | Cure Claim Amount | Plan Interest Rate | Projected Monthly Payment by Trustee | Projected Total Cure Payment by Trustee |
|---|---|---|---|---|---|---|

☒ **None.**  No additional 910 Claims designated for treatment under **§ 3.3** of the Plan. [5]

☐ **No Remaining Claims.**  All claims previously listed as a 910 Claim in **§ 3.3** of the Plan have been reclassified.

☐ **Revised/Additional 910 Claims. § 3.3** of the Plan regarding the treatment of 910 Claims is **MODIFIED** in the following respects:

| Claimant | Collateral Description | 910 Claim Amount | Plan Interest Rate | Equal Monthly Payment by Trustee | Projected Total Payment by Trustee |
|---|---|---|---|---|---|

☒ **None.**  No additional 506 Claims designated for treatment under **§ 3.4** of the Plan [6]

☐ **No Remaining Claims.**  All claims previously listed as a 506 Claim in **§ 3.4** of the Plan have been reclassified.

☐ **Revised/Additional 506 Claims. § 3.4** of the Plan regarding the treatment of 506 Claims is **MODIFIED** in the following respects:

| Claimant | Collateral Description | 506 Claim Amount | Collateral Value | Plan Interest Rate | Equal Monthly Payment by Trustee | Projected Total Payment by Trustee |
|---|---|---|---|---|---|---|

---

[4] Any reference to § 3.2 of the Plan herein includes any payments designated and confirmed under ¶ 6(B) or ¶ 8 of the 2006 version of TXEB Local Form 3015-a.

[5] Any reference to § 3.3 of the Plan herein includes any payments designated and confirmed under ¶ 6(A)(ii)(a) of the 2006 version of TXEB Local Form 3015-a.

[6] Any reference to § 3.4 of the Plan herein includes any payments designated and confirmed under ¶ 6(A)(ii)(b) of the 2006 version of TXEB Local Form 3015-a.

☒ **None.** No additional Direct Claims designated for treatment under **§ 3.5** of the Plan. [7]

☐ **§ 3.5** of the Plan regarding the treatment of Direct Claims is **MODIFIED** in the following respects:

| Claimant | Collateral Description | Total Claim Amount on Petition Date | Collateral Value on Petition Date | Contract Interest Rate | Monthly Payment per Contract | Party to Make Payment | Date of Final Monthly Payment |
|---|---|---|---|---|---|---|---|

☐ **None.** No additional designations for surrender of collateral under **§ 3.6** of the Plan. [8]

☒ **Additional Surrender of Collateral. § 3.6** of the Plan regarding the designation of property to be surrendered is **MODIFIED.**  The Debtor surrenders to each additional claimant listed below the property that secures that creditor's claim and requests that, upon the granting of this Modification Motion, the automatic stay under § 362(a) be terminated as to the referenced collateral only and any co-debtor stay under § 1301 be terminated in all respects.  Pending the consideration of this Modification Motion, the Trustee shall immediately cease any plan distribution to the additional claimant on account of the allowed secured claim for which the surrendered collateral stands as security. The affected claimant shall have **ninety (90) days after the entry of the order granting this Modification Motion** to file an amended proof of claim regarding recovery of any deficiency balance from the Estate resulting from the disposition of the collateral.  Any such allowed general unsecured claim will thereafter be treated under § 5.2 of the confirmed plan.

| **Claimant** | **Collateral Description** | **Collateral Location** |
|---|---|---|
| Ms. Bagley | 124 Connel Ferry Rd., Joaquin, TX 75954 | |

☒ **None.** No additional DSO Claims designated for treatment under **§ 4.4** of the Plan. [9]

☐ **No Remaining Claims.**  All claims previously listed as a DSO Claim in **§ 4.4** of the Plan have been reclassified.

☐ **Revised/Additional DSO Claims. § 4.4** of the Plan regarding the treatment of DSO Claims is **MODIFIED** in the following respects:

---

[7.] Any reference to § 3.5 of the Plan herein includes any payments designated and confirmed under ¶ 12(B) of the 2006 version of TXEB Local Form 3015-a.

[8] Any reference to § 3.6 of the Plan herein includes any designations for surrender of collateral under ¶ 6(C) of the 2006 version of TXEB Local Form 3015-a. .

[9] Any reference to § 4.4 of the Plan herein includes any payments designated and confirmed under ¶ 5(A) of the 2006 version of TXEB Local Form 3015-a.

| **DSO Claimant** | **Projected DSO Claim Amount** | **Projected Monthly Payment by Trustee** |
|---|---|---|
| | | |

☒ **None.** No additional Tax/Other Priority Claims designated for treatment under **§ 4.6** of the Plan. [10]

☐ **No Remaining Claims.**  All claims previously listed as a Tax/Other Priority Claim in **§ 4.6** of the Plan have been reclassified·

☐ **Revised/Additional Tax/Priority Claims. § 4.6** of the Plan regarding the treatment of Tax/Other Priority Claims is **MODIFIED** in the following respects:

| **Priority Claimant** | **Projected Claim Amount** | **Projected Monthly Payment by Trustee** |
|---|---|---|
| | | |

☒ **Part 8**  of the Plan is **MODIFIED** with the inclusion of the following Special Provision:x.

Under Bankruptcy Rule 3015(c), nonstandard provisions **must** be set forth below.  A nonstandard provision is a provision not otherwise included in the Official TXEB Form or any deviation from it.  *Any nonstandard provision set out elsewhere in this Modification Motion is void.  Even if set forth below, any nonstandard provision is void **unless the "Included" box is checked in ¶ 3 of this Modification Motion.***

The Debtor will be allowed to keep their 2017 tax refund to use for medial expenses.

5. **Request for Additional Attorney's Fees (Expiration of Benchmark Fee Period Only):**

LBR In light of the fact that the Benchmark Fee Period under 2016(h) expired prior to the filing of this motion, the Debtor's attorney Robert W. Barron requests an additional award of $ 600.00 to be paid pursuant to § 4.3 of the confirmed Plan for legal services rendered and for reimbursement of expenses incurred with regard to the preparation and filing of this Modification Motion and other documents pertaining thereto. This award would be in addition to any other fees previously awarded or paid in this case and shall be paid in a manner consistent with § 9.2 of the confirmed Plan.

    WHEREFORE, the Movant, as identified in ¶ 1 herein, respectfully prays that the foregoing Modification Motion be granted, that the Debtor's Plan be modified in the manner set forth herein, that, if applicable, any request for additional attorney's fees as set forth in ¶5 be granted, and that such other and further relief be granted in this regard as may be appropriate under the circumstances.

Respectfully submitted,

Barron & Barron, LLP

/s/ Robert W. Barron

Barron & Barron, LLP
24040479
P.O 1347
Nederland, Texas 77627

Phone: (409) 727-0073
Fax: (409) 724-7739

ATTORNEY FOR DEBTOR(S)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

IN RE: Robert E. White  
Jeanette D. White  
*Debtor(s)*

CASE NO **16-90148**

CHAPTER **13**

## EXHIBIT "B" - VARIABLE PLAN PAYMENTS

### PROPOSED PLAN OF REPAYMENT (VARIABLE PAYMENTS INTO THE PLAN)

| # | Month / Due Date | Payment | # | Month / Due Date | Payment | # | Month / Due Date | Payment |
|---|---|---|---|---|---|---|---|---|
| 1 | 06/19/2016 | $433.64 | 21 | 02/19/2018 | $433.64 | 41 | 10/19/2019 | $600.00 |
| 2 | 07/19/2016 | $433.64 | 22 | 03/19/2018 | $433.64 | 42 | 11/19/2019 | $600.00 |
| 3 | 08/19/2016 | $433.64 | 23 | 04/19/2018 | $600.00 | 43 | 12/19/2019 | $600.00 |
| 4 | 09/19/2016 | $433.64 | 24 | 05/19/2018 | $600.00 | 44 | 01/19/2020 | $600.00 |
| 5 | 10/19/2016 | $433.64 | 25 | 06/19/2018 | $600.00 | 45 | 02/19/2020 | $600.00 |
| 6 | 11/19/2016 | $433.64 | 26 | 07/19/2018 | $600.00 | 46 | 03/19/2020 | $600.00 |
| 7 | 12/19/2016 | $433.64 | 27 | 08/19/2018 | $600.00 | 47 | 04/19/2020 | $600.00 |
| 8 | 01/19/2017 | $433.64 | 28 | 09/19/2018 | $600.00 | 48 | 05/19/2020 | $600.00 |
| 9 | 02/19/2017 | $433.64 | 29 | 10/19/2018 | $600.00 | 49 | 06/19/2020 | $600.00 |
| 10 | 03/19/2017 | $433.64 | 30 | 11/19/2018 | $600.00 | 50 | 07/19/2020 | $600.00 |
| 11 | 04/19/2017 | $433.64 | 31 | 12/19/2018 | $600.00 | 51 | 08/19/2020 | $600.00 |
| 12 | 05/19/2017 | $433.64 | 32 | 01/19/2019 | $600.00 | 52 | 09/19/2020 | $600.00 |
| 13 | 06/19/2017 | $433.64 | 33 | 02/19/2019 | $600.00 | 53 | 10/19/2020 | $600.00 |
| 14 | 07/19/2017 | $433.64 | 34 | 03/19/2019 | $600.00 | 54 | 11/19/2020 | $600.00 |
| 15 | 08/19/2017 | $433.64 | 35 | 04/19/2019 | $600.00 | 55 | 12/19/2020 | $600.00 |
| 16 | 09/19/2017 | $433.64 | 36 | 05/19/2019 | $600.00 | 56 | 01/19/2021 | $600.00 |
| 17 | 10/19/2017 | $433.64 | 37 | 06/19/2019 | $600.00 | 57 | 02/19/2021 | $600.00 |
| 18 | 11/19/2017 | $433.64 | 38 | 07/19/2019 | $600.00 | 58 | 03/19/2021 | $600.00 |
| 19 | 12/19/2017 | $433.64 | 39 | 08/19/2019 | $600.00 | 59 | 04/19/2021 | $600.00 |
| 20 | 01/19/2018 | $433.64 | 40 | 09/19/2019 | $600.00 | 60 | 05/19/2021 | $600.00 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

IN RE: §
§
ROBERT E. WHITE § CASE NO.16-90148
xxx-xx-2603 § CHAPTER 13
1130 Woodlawn Dr. §
Center, TX 75935 §
§
§
JEANETTE D. WHITE §
xxx-xx-6573 §
§
DEBTOR §

## CERTIFICATE OF SERVICE

   I hereby certify that on March 21, 2018, a true and correct copy of the above and foregoing document shall be served via electronic means, if available, otherwise by regular, first class mail, to the following and the attached mailing matrix. This service complies with Local Rules of Bankruptcy Procedure 9013(e).

**Mr. and Ms. Robert E. White**
1130 Woodlawn Dr.
Center, TX 75935

**John Talton**
110 North College Ave., 12th Floor
Tyler, TX 75702

**Atlas Acquisitions LLC**
294 Union St.
Hackensack, NJ 07601

**Jessica Holt**
5177 Richmond Avenue, Suite 1230
Houston, TX 77056

**Capital One Auto Finance**
P.O. Box 201347
Arlington, TX 76006

**Capital One Auto Finance**
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118

**CLEARSPRING LOAN SERVICES, INC.**
c/o Jessica Holt
Parkway Office Center, Ste 900
14160 North Dallas Parkway
Dallas, TX 75254

**US Trustee**
Office of the U.S. Trustee
110 N. College Ave., Suite 300
Tyler, TX 75702

          /s/ Robert E. Barron
          ROBERT E. BARRON

```
Label Matrix for local noticing          Aaron's                                 Aaron's
0540-9                                    415 SW Loop                            9070 Mansfield Rd.
Case 16-90148                             Carthage, TX 75633                     Shreveport, LA 71118-2608
Eastern District of Texas
Lufkin
Wed Mar 21 13:53:47 CDT 2018

Atlas Acquisitions LLC                    Robert E. Barron                       Barron & Barron, LLP
294 Union St.                             P.O. Box 1347                          P.O. Box 1347
Hackensack, NJ 07601-4303                 Nederland, TX 77627-1347               Nederland, Texas 77627-1347


CLEARSPRING LOAN SERVICES, INC.           Capital One Auto Finance               Capital One Auto Finance
c/o Jessica Holt                          P.O. Box 201347                        c/o AIS Portfolio Services
Parkway Office Center, Ste 900            Arlington, TX 76006-1347               4515 N Santa Fe Ave Dept APS
14160 North Dallas Parkway                                                       Oklahoma City, OK 73118-7901
Dallas, TX 75254-4319


Capital One Auto Finance c/o AIS Portfolio S    ClearSpring Loan Services        Jessica Holt
4515 N Santa Fe Ave. Dept. APS            18451 N Dallas Parkway,                5177 Richmond Avenue
Oklahoma City, OK 73118-7901              Ste 100,                               Suite 1230
                                          Dallas, TX 75287-5209                  Houston, TX 77056-6763


(p)INTERNAL REVENUE SERVICE               Internal Revenue Service               M Bank
CENTRALIZED INSOLVENCY OPERATIONS         PO Box 7346                            17898 SW McEwan Rd.
PO BOX 7346                               Philadelphia, PA 19101-7346            Tigard, OR 97224-7217
PHILADELPHIA PA 19101-7346


MBank                                     Mackie, Wolk, Zientz, Man, LPC         Ms. Bagley
17898 SW McEwan Rd.                       14160 N. Dallas Pkwy.                  372 CR 322
Ste. 200                                  Dallas, TX 75254-4319                  De Berry, TX 75639-3506
Tigard, OR 97224-7217


Shelby County                             Skopos Financial LLC                   Skopus Financial Group
200 San Augustine St.                     500 E John Carpenter Fwy #300          500 E. John Carpenter Frwy.
Center, TX 75935-3963                     Irving, Tx 75062-3969                  Irving, TX 75062-3969


Smith's Home Furniture                    John Talton.                           Tempoe, LLC
319 Main St.                              Plaza Tower                            1750 Elm St., Ste. 1200
Logansport, LA 71049                      110 N. College Ave, 12 Floor           Manchester, NH 03104-2907
                                          Tyler, TX 75702-7226


U.S. Attorney General                     US Trustee                             United States Attorney's Office
Department of Justice                     Office of the U.S. Trustee             350 Magnolia Ave., Ste 150
Main Justice Building                     110 N. College Ave.                    Beaumont, TX 77701-2254
10th & Constitution Ave., NW              Suite 300
Washington, DC 20530-0001                 Tyler, TX 75702-7231


Jeanette D. White                         Robert E. White                        Windstream
1130 Woodlawn Dr.                         1130 Woodlawn Dr.                      1720 Galleria Blvd.
Center, TX 75935-3028                     Center, TX 75935-3028                  Charlotte, NC 28270-2408
```

Stephen Wu
Mackie, Wolf, Zientz and Mann
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254-4314

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Internal Revenue Service
PO Box 21126
Philadelphia, PA 19114

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Atlas Acquisitions LLC
294 Union St.
Hackensack, NJ 07601-4303

(u)VISIO FINANCIAL SERVICES, INC

End of Label Matrix
Mailable recipients    30
Bypassed recipients     2
Total                  32